FILED IN OPEN COURT

7-31-09

CLERK. U S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE. FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    CASE NO. 3:08-cr-370-J-34HTS

THOMAS G. MANUEL

## PLEA AGREEMENT

Pursuant to Fed. R. Crim. P. 11(c), the United States of America, by A. Brian Albritton, United States Attorney for the Middle District of Florida, and the defendant, THOMAS G. MANUEL,  and the attorney for the defendant, William J. Sheppard, Esq., mutually agree as follows:

A.    **Particularized Terms**

1.    **Count(s) Pleading To**

The defendant shall enter a plea of guilty to Count One of the Indictment. Count One charges the defendant with corruptly soliciting, demanding, accepting and agreeing to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business of the St. Johns County Commission, involving anything of value of $5,000 or more, during a one year period in which St. Johns County received in excess of $10,000 in Federal assistance, in violation of Title 18, United States Code, Section 666(a)(1)(B).

Defendant's Initials

AF Approval

2.    **Maximum Penalties**

Count One is punishable by a term of imprisonment of up to ten (10)

years, a fine of $250,000, or both, a term of supervised release of up to three (3) years,

and a special assessment of $100, said special assessment to be due on the date of

sentencing. In addition, if the defendant were to violate the terms and conditions of

supervised release upon release from imprisonment, the defendant could be sentenced

to an additional term of imprisonment of up to two (2) years.

3.    **Elements of the Offense(s)**

The defendant acknowledges understanding the nature and elements of

the offense(s) with which defendant has been charged and to which defendant is

pleading guilty. The elements of Count One are:

First:      That the defendant was an agent of the St. Johns
            County Commission, as charged in the Indictment;

Second:     That the St. Johns County Commission was, between in or
            about January 2007 through in or about June 2008, a local
            government body of St. Johns County and the State of
            Florida;
            *OR a one year time period which included July 2007 through July 2008*
Third:      That during the time period described above, St. Johns
            County received benefits in excess of $10,000 under a
            Federal program involving some form of Federal assistance;
            *OR the one year time period which included July 2007 through July 2008*
Fourth:     That during such time period described above, the
            defendant knowingly accepted or agreed to accept a thing of *July 2008*
            value, that is, approximately $60,000 from persons other
            than the St. Johns County Commission, as charged;

Fifth:      That by such acceptance or agreement the defendant
            intended to be influenced or rewarded in connection with
            any business, transaction or series of transactions of the St.
            Johns County Commission, which business, transaction or

Defendant's Initials _____                    2

> series of transactions involved something of value of $5,000
> or more; and

Sixth:       That in so doing the defendant acted corruptly.

## 4.    Base Offense Level and Specific Offense Characteristics - Joint Recommendation

Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the United States and the

defendant agree to jointly recommend to the Court that the defendant's Chapter Two

offense level be calculated at 24 pursuant to USSG §§ 2B1.1(b)(1)(D), 2C1.1(a)(1),

2C1.1(b)(2), and 2C1.1(b)(3). The parties understand that such a joint

recommendation is not binding on the Court, and if not accepted by the Court, neither

the United States nor the defendant will be allowed to withdraw from the plea

agreement, and the defendant will not be allowed to withdraw from the plea of guilty.

## 5.    Count Dismissed

At the time of sentencing, the remaining count against the defendant,

Count Two, will be dismissed pursuant to Fed. R. Crim. P. 11(c)(1)(A)

## 6.    Acceptance of Responsibility - Three Levels

At the time of sentencing, and in the event that no adverse information is

received suggesting such a recommendation to be unwarranted, the United States will

recommend to the Court that the defendant receive a two-level downward adjustment

for acceptance of responsibility, pursuant to USSG §3E1.1(a). The defendant

understands that this recommendation or request is not binding on the Court, and if not

accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials _____        3

Further, at the time of sentencing, if the defendant's offense level prior to operation of subsection (a) is level 16 or greater, and if the defendant complies with the provisions of USSG §3E1.1(b), the United States agrees to file a motion pursuant to USSG §3E1.1(b) for a downward adjustment of one additional level. The defendant understands that the determination as to whether the defendant has qualified for a downward adjustment of a third level for acceptance of responsibility rests solely with the United States Attorney for the Middle District of Florida, and the defendant agrees that the defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

7.     **No Further Charges**

If the Court accepts this plea agreement, the United States Attorney's Office for the Middle District of Florida agrees not to charge defendant with committing any other federal criminal offenses known to the United States Attorney's Office at the time of the execution of this agreement.

8.     **Low End**

At the time of sentencing, and in the event that no adverse information is received suggesting such a recommendation to be unwarranted, the United States will recommend to the Court that the defendant receive a sentence at the low end of the applicable guideline range, as calculated by the Court. The defendant understands that this recommendation or request is not binding on the Court, and if not accepted by the Court, the defendant will not be allowed to withdraw from the plea.

Defendant's Initials                  4

9. **Cooperation - Substantial Assistance to be Considered**

Defendant agrees to cooperate fully with the United States in the investigation and prosecution of other persons, and to testify, subject to a prosecution for perjury or making a false statement, fully and truthfully before any federal court proceeding or federal grand jury in connection with the charges in this case and other matters, such cooperation to further include a full and complete disclosure of all relevant information, including production of any and all books, papers, documents, and other objects in defendant's possession or control, and to be reasonably available for interviews which the United States may require. If the cooperation is completed prior to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion at the time of sentencing recommending (1) a downward departure from the applicable guideline range pursuant to USSG §5K1.1, or (2) the imposition of a sentence below a statutory minimum, if any, pursuant to 18 U.S.C. § 3553(e), or (3) both. If the cooperation is completed subsequent to sentencing, the government agrees to consider whether such cooperation qualifies as "substantial assistance" in accordance with the policy of the United States Attorney for the Middle District of Florida, warranting the filing of a motion for a reduction of sentence within one year of the imposition of sentence pursuant to Fed. R. Crim. P. 35(b). In any case, the defendant understands that the determination as to whether "substantial assistance" has been provided or what type of motion related thereto will be filed, if any, rests solely with the United States Attorney for the Middle

Defendant's Initials _____  5

District of Florida, and the defendant agrees that defendant cannot and will not challenge that determination, whether by appeal, collateral attack, or otherwise.

10. **Use of Information - Section 1B1.8**

Pursuant to USSG §1B1.8(a), the United States agrees that no self-incriminating information which the defendant may provide during the course of defendant's cooperation and pursuant to this agreement shall be used in determining the applicable sentencing guideline range, subject to the restrictions and limitations set forth in USSG §1B1.8(b).

11. **Cooperation - Responsibilities of Parties**

a. The government will make known to the Court and other relevant authorities the nature and extent of defendant's cooperation and any other mitigating circumstances indicative of the defendant's rehabilitative intent by assuming the fundamental civic duty of reporting crime. However, the defendant understands that the government can make no representation that the Court will impose a lesser sentence solely on account of, or in consideration of, such cooperation.

b. It is understood that should the defendant knowingly provide incomplete or untruthful testimony, statements, or information pursuant to this agreement, or should the defendant falsely implicate or incriminate any person, or should the defendant fail to voluntarily and unreservedly disclose and provide full, complete, truthful, and honest knowledge, information, and cooperation regarding any of the matters noted herein, the following conditions shall apply:

Defendant's Initials _____ 6

(1)     The defendant may be prosecuted for any perjury or false declarations, if any, committed while testifying pursuant to this agreement, or for obstruction of justice.

(2)     The United States may prosecute the defendant for the charges which are to be dismissed pursuant to this agreement, if any, and may either seek reinstatement of or refile such charges and prosecute the defendant thereon in the event such charges have been dismissed pursuant to this agreement. With regard to such charges, if any, which have been dismissed, the defendant, being fully aware of the nature of all such charges now pending in the instant case, and being further aware of defendant's rights, as to all felony charges pending in such cases (those offenses punishable by imprisonment for a term of over one year), to not be held to answer to said felony charges unless on a presentment or indictment of a grand jury, and further being aware that all such felony charges in the instant case have heretofore properly been returned by the indictment of a grand jury, does hereby agree to reinstatement of such charges by recision of any order dismissing them or, alternatively, does hereby waive, in open court, prosecution by indictment and consents that the United States may proceed by information instead of by indictment with regard to any felony charges which may be dismissed in the instant case, pursuant to this plea agreement, and the defendant further agrees to waive the statute of limitations and any speedy trial claims on such charges.

(3)     The United States may prosecute the defendant for any offenses set forth herein, if any, the prosecution of which in accordance with this

Defendant's Initials _____     7

agreement, the United States agrees to forego, and the defendant agrees to waive the statute of limitations and any speedy trial claims as to any such offenses.

(4) The government may use against the defendant the defendant's own admissions and statements and the information and books, papers, documents, and objects that the defendant has furnished in the course of the defendant's cooperation with the government.

(5) The defendant will not be permitted to withdraw the guilty pleas to those counts to which defendant hereby agrees to plead in the instant case but, in that event, defendant will be entitled to the sentencing limitations, if any, set forth in this plea agreement, with regard to those counts to which the defendant has pled; or in the alternative, at the option of the United States, the United States may move the Court to declare this entire plea agreement null and void.

12. **Forfeiture of Assets**

The defendant agrees to forfeit to the United States immediately and voluntarily any and all assets and property, or portions thereof, subject to forfeiture, pursuant to 18 U.S.C. § 981(a)(1)© and 28 U.S.C. § 2461©, whether in the possession or control of the United States or in the possession or control of the defendant or defendant's nominees. The assets to be forfeited specifically include, but are not limited to, the following:

> The sum of $3,400.00 in United States currency,
> representing the amount of proceeds obtained as a result of
> the offense for which the defendant is pleading guilty.

The defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil, and/or administrative forfeiture action. The

Defendant's Initials _____ 8

defendant further consents to the filing of a motion by the United States for immediate entry of a Preliminary Order of Forfeiture. The defendant also hereby agrees that the forfeiture described herein is not excessive and, in any event, the defendant waives any constitutional claims that the defendant may have that the forfeiture constitutes an excessive fine.

The defendant admits and agrees that the conduct described in the Factual Basis below provides a sufficient factual and statutory basis for the forfeiture of the property sought by the government. Pursuant to the provisions of Rule 32.2(b)(1), the United States and the defendant request that at the time of accepting this plea agreement, the court make a determination that the government has established the requisite nexus between the property subject to forfeiture and the offense(s) to which defendant is pleading guilty and enter a preliminary order of forfeiture. Pursuant to Rule 32.2(b)(3), the defendant agrees that the preliminary order of forfeiture shall be final as to the defendant at the time it is entered, notwithstanding the requirement that it be made a part of the sentence and be included in the judgment.

The defendant agrees to forfeit all interests in the properties described above and to take whatever steps are necessary to pass clear title to the United States. These steps include, but are not limited to, the surrender of title, the signing of a consent decree of forfeiture, and signing of any other documents necessary to effectuate such transfers.

Defendant further agrees to take all steps necessary to locate property and to pass title to the United States before the defendant's sentencing. To that end, defendant agrees to fully assist the government in the recovery and return to the United

Defendant's Initials                    9

States of any assets, or portions thereof, as described above wherever located. The defendant agrees to make a full and complete disclosure of all assets over which defendant exercises control and those which are held or controlled by a nominee. The defendant further agrees to be polygraphed on the issue of assets, if it is deemed necessary by the United States.

The defendant agrees that the United States is not limited to forfeiture of the property described above. If the United States determines that property of the defendant identified for forfeiture cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the Court; has been substantially diminished in value; or has been commingled with other property which cannot be divided without difficulty; then the United States shall, at its option, be entitled to forfeiture of any other property (substitute assets) of the defendant up to the value of any property described above. This Court shall retain jurisdiction to settle any disputes arising from application of this clause. The defendant agrees that forfeiture of substitute assets as authorized herein shall not be deemed an alteration of the defendant's sentence.

Forfeiture of the defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty this Court may impose upon the defendant in addition to forfeiture. Defendant agrees that forfeiture and any payment of restitution shall not serve as an offset or credit against one or the other.

Defendant's Initials                    10

B.   **Standard Terms and Conditions**

1.   **Restitution, Special Assessment and Fine**

The defendant understands and agrees that the Court, in addition to or in

lieu of any other penalty, shall order the defendant to make restitution to any victim of

the offense(s), pursuant to 18 U.S.C. § 3663A, for all offenses described in 18 U.S.C. §

3663A(c)(1) (limited to offenses committed on or after April 24, 1996); and the Court

may order the defendant to make restitution to any victim of the offense(s), pursuant to

18 U.S.C. § 3663 (limited to offenses committed on or after November 1, 1987) or §

3579, including restitution as to all counts charged, whether or not the defendant enters

a plea of guilty to such counts, and whether or not such counts are dismissed pursuant

to this agreement.  On each count to which a plea of guilty is entered, the Court shall

impose a special assessment, to be payable to the Clerk's Office, United States District

Court, and due on date of sentencing.  The defendant understands that this agreement

imposes no limitation as to fine.

2.   **Supervised Release**

The defendant understands that the offense(s) to which the defendant is

pleading provide(s) for imposition of a term of supervised release upon release from

imprisonment, and that, if the defendant should violate the conditions of release, the

defendant would be subject to a further term of imprisonment.

Defendant's Initials                    11

### 3.   Sentencing Information

The United States reserves its right and obligation to report to the Court and the United States Probation Office all information concerning the background, character, and conduct of the defendant, to provide relevant factual information, including the totality of the defendant's criminal activities, if any, not limited to the count(s) to which defendant pleads, to respond to comments made by the defendant or defendant's counsel, and to correct any misstatements or inaccuracies. The United States further reserves its right to make any recommendations it deems appropriate regarding the disposition of this case, subject to any limitations set forth herein, if any.

Pursuant to 18 U.S.C. § 3664(d)(3) and Fed. R. Crim. P. 32(d)(2)(A)(ii), the defendant agrees to complete and submit, upon execution of this plea agreement, an affidavit reflecting the defendant's financial condition. The defendant further agrees, and by the execution of this plea agreement, authorizes the United States Attorney's Office to provide to, and obtain from, the United States Probation Office or any victim named in an order of restitution, or any other source, the financial affidavit, any of the defendant's federal, state, and local tax returns, bank records and any other financial information concerning the defendant, for the purpose of making any recommendations to the Court and for collecting any assessments, fines, restitution, or forfeiture ordered by the Court.

### 4.   Sentencing Recommendations

It is understood by the parties that the Court is neither a party to nor bound by this agreement. The Court may accept or reject the agreement, or defer a

Defendant's Initials                    12

decision until it has had an opportunity to consider the presentence report prepared by the United States Probation Office. The defendant understands and acknowledges that, although the parties are permitted to make recommendations and present arguments to the Court, the sentence will be determined solely by the Court, with the assistance of the United States Probation Office. Defendant further understands and acknowledges that any discussions between defendant or defendant's attorney and the attorney or other agents for the government regarding any recommendations by the government are not binding on the Court and that, should any recommendations be rejected, defendant will not be permitted to withdraw defendant's plea pursuant to this plea agreement. The government expressly reserves the right to support and defend any decision that the Court may make with regard to the defendant's sentence, whether or not such decision is consistent with the government's recommendations contained herein.

5.    **Defendant's Waiver of Right to Appeal and**
      **Right to Collaterally Challenge the Sentence**

The defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum and expressly waives the right to appeal defendant's sentence or to challenge it collaterally on any ground, including the ground that the Court erred in determining the applicable guidelines range pursuant to the United States Sentencing Guidelines, except (a) the ground that the sentence exceeds the defendant's applicable guidelines range as determined by the Court pursuant to the United States Sentencing Guidelines; (b) the ground that the sentence exceeds the statutory maximum penalty; or © the ground that the sentence violates the

Defendant's Initials _____                    13

Eighth Amendment to the Constitution; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by Title 18, United States Code, Section 3742(b), then the defendant is released from his waiver and may appeal the sentence as authorized by Title 18, United States Code, Section 3742(a).

### 6.   **Middle District of Florida Agreement**

It is further understood that this agreement is limited to the Office of the United States Attorney for the Middle District of Florida and cannot bind other federal, state, or local prosecuting authorities, although this office will bring defendant's cooperation, if any, to the attention of other prosecuting officers or others, if requested.

### 7.   **Filing of Agreement**

This agreement shall be presented to the Court, in open court or in camera, in whole or in part, upon a showing of good cause, and filed in this cause, at the time of defendant's entry of a plea of guilty pursuant hereto.

### 8.   **Voluntariness**

The defendant acknowledges that defendant is entering into this agreement and is pleading guilty freely and voluntarily without reliance upon any discussions between the attorney for the government and the defendant and defendant's attorney and without promise of benefit of any kind (other than the concessions contained herein), and without threats, force, intimidation, or coercion of any kind. The defendant further acknowledges defendant's understanding of the nature of the offense or offenses to which defendant is pleading guilty and the elements thereof, including the penalties provided by law, and defendant's complete satisfaction

Defendant's Initials _____                    14

with the representation and advice received from defendant's undersigned counsel (if any). The defendant also understands that defendant has the right to plead not guilty or to persist in that plea if it has already been made, and that defendant has the right to be tried by a jury with the assistance of counsel, the right to confront and cross-examine the witnesses against defendant, the right against compulsory self-incrimination, and the right to compulsory process for the attendance of witnesses to testify in defendant's defense; but, by pleading guilty, defendant waives or gives up those rights and there will be no trial. The defendant further understands that if defendant pleads guilty, the Court may ask defendant questions about the offense or offenses to which defendant pleaded, and if defendant answers those questions under oath, on the record, and in the presence of counsel (if any), defendant's answers may later be used against defendant in a prosecution for perjury or false statement. The defendant also understands that defendant will be adjudicated guilty of the offenses to which defendant has pleaded and, if any of such offenses are felonies, may thereby be deprived of certain rights, such as the right to vote, to hold public office, to serve on a jury, or to have possession of firearms.

9. **Factual Basis**

Defendant is pleading guilty because defendant is in fact guilty. The defendant certifies that defendant does hereby admit that the facts set forth in the attached "Factual Basis," which is incorporated herein by reference, are true, and were this case to go to trial, the United States would be able to prove those specific facts and others beyond a reasonable doubt.

Defendant's Initials _____     15

10.    **Entire Agreement**

This plea agreement constitutes the entire agreement between the

government and the defendant with respect to the aforementioned guilty plea and no

other promises, agreements, or representations exist or have been made to the

defendant or defendant's attorney with regard to such guilty plea.

11.    **Certification**

The defendant and defendant's counsel certify that this plea agreement

has been read in its entirety by (or has been read to) the defendant and that defendant

fully understands its terms.

DATED this 31st day of July , 2009.

A. BRIAN ALBRITTON
United States Attorney

By: _____

THOMAS G. MANUEL
Defendant

JULIE HACKENBERRY SAVELL
Assistant United States Attorney
Chief, Jacksonville Division

WILLIAM J. SHEPPARD
Attorney for Defendant

MAC D. HEAVENER, III
Assistant United States Attorney
Deputy Chief, Jacksonville Division

Defendant's Initials _____                16

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 3:08-cr-370-J-34HTS

THOMAS G. MANUEL

## PERSONALIZATION OF ELEMENTS

1.    Do you admit that between in or about January 2007 and in or about June

2008, you were an agent of the St. Johns County Commission, as charged in the

Indictment, that is, you were an elected member of the St. Johns County Commission?

2.    Do you admit that between in or about January 2007 and in or about June

2008, the St. Johns County Commission was a local government body of St. Johns

County and the State of Florida?

3.    Do you admit that, ~~between in or about January 2007 and in or about~~ *MK OP during a one year period which included July 2007 Through July2008* ~~June 2008~~, St. Johns County received benefits in excess of $10,000 under Federal

programs involving various forms of Federal assistance?

4.    Do you admit that ~~between in or about January 2007 and in or about June~~ *MK OP during the one year time period which included July 2007 through July 2008,* ~~2008~~, in Jacksonville, in the Middle District of Florida, and elsewhere, you knowingly

accepted and agreed to accept a thing of value, that is, approximately $10,000 on April

10, 2008 and approximately $50,000 on June 5, 2008, from a person other than the St.

Defendant's Initials _____                    17

Johns County Commission, specifically from an individual that had business pending
before the St. Johns County Commission?

5.    Do you admit that, by accepting and agreeing to accept such money, you
intended to be influenced or rewarded in connection with a transaction or series of
transactions of the St. Johns County Commission, which transaction or series of
transactions involved something of value of $5,000 or more, specifically when you
accepted the $10,000 payment on April 10, 2008, did you do so intending to be
MK    for your continued support OD
influenced in the upcoming St. Johns County Commission vote on the pending sale of
the property owned by the Falcone Group at I-95 and 210, "the P.M. fix", to the County
as well as future business that the Falcone Group would have before the Commission,
                                                    MK    5 OD
and when you accepted the $50,000 payment on June 8 2008, did you do so intending
to be rewarded for the vote before the St. Johns County Commission that approved the
sale of the property owned by the Falcone Group to St. Johns County as well as
intending to be influenced in future business that the Falcone Group would have before
the Commission?

6.    Do you admit that, in doing so, you acted corruptly?

Defendant's Initials _____                    18

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.

Case No. 3:08-cr- 370-J-34HTS

THOMAS G. MANUEL

## **FACTUAL BASIS[1]**

The St. Johns County Commission is a local government body of St. Johns

County and the State of Florida. Thomas G. Manuel was elected to the St. Johns

County Commission in November 2006, took office in January 2007 and continued to

serve as a County Commissioner until October 17, 2008. Between January 2007 and

June 2008, Manuel represented the Northeast District of St. Johns County, known as

Ponte Vedra. During this time period, St. Johns County received benefits in excess of

*MK of a one year time period which included July 2007 through July 2008,*

\$10,000 under Federal programs involving various forms of Federal assistance. The

St. Johns County Commission is comprised of five (5) individuals and three votes are

required to obtain the approval of the Commission. In November, 2007, Manuel

became the Chairman of the St. Johns County Commission. During the time that

Manuel served on the Commission, items were placed on an agenda and were brought

before the members of the Commission on a monthly basis for a vote. Issues involving

---

[1]The factual basis is prepared by the United States and does not include all of
the facts relevant to the defendant's involvement in the crime to which he is pleading
guilty and other illegal activities in which he may have been involved.

Defendant's Initials

the development of property in St. Johns County were often brought before the Commission.

In April, 2004, The Falcone Group, LLC, (the Falcone Group) purchased a very large parcel of land in St. Johns County for development and named the site "Twin Creeks." In 2004, a land use attorney in St. Johns County began working with a representative of the Falcone Group to obtain approval for Twin Creeks to be deemed a Development of Regional Impact (DRI). To be designated as a DRI, The Falcone Group submitted an application which was reviewed by all agencies that would be impacted by development, i.e., Department of Transportation, St. Johns Water Management District, Department of Community Affairs, Army Corp of Engineers, etc. Each agency then determined how the development would impact various aspects of the project and how those impacts could be mitigated by the developer. Once the minimum requirements for mitigation were determined, i.e., how much the developer must contribute to the surrounding infrastructure, the St. Johns County Commission was called upon to vote whether to accept the proposed application or require additional improvements. In August 2005, the St. Johns County Commission voted to accept the requirements as negotiated.

After Manuel was elected in November 2006, he met with the land use attorney and a representative from the Falcone Group (hereinafter referred to as the Falcone representative). Manuel pressured the Falcone representative to make charitable donations to organizations, such as the Council on Aging, which comprised a large constituency of Manuel, when Manuel knew that The Falcone Group would have issues brought before the St. Johns County Commission for approval in the future.

Defendant's Initials                                    2

In early 2007, concerned about Manuel's requests, the land use attorney and the Falcone representative sought out the Federal Bureau of Investigation (FBI), regarding their concerns with Manuel. As part of their cooperation, and at the direction of Special Agents of the FBI, they recorded conversations with Manuel. In conversations with Manuel between April 2007 and March 2008, Manuel continued to tell the Falcone representative to make monetary contributions to various charitable organizations and to Manuel's Committee of Continuing Existence (CCE), and if the Falcone representative did not do so, Manuel indicated, in substance, that the Falcone Group's future business before the County Commission would be in jeopardy.

Part of the Twin Creeks property included the area surrounding State Road 210 and Interstate 95. Because traffic congestion was increasing in that area, the County Staff and one of the County Commissioners asked the land use attorney and the Falcone representative to accelerate the work that needed to be done in that area. The Falcone representative instructed engineers to design what would be necessary to improve the conditions in that area which ultimately was estimated to cost $11 million. Additional land was purchased by the Falcone representative to offset wetland impacts. The County proposed making an offer to the Falcone representative for the purchase of the property. The County Commissioners would ultimately have to approve the purchase of the property.

On March 21, 2008, the Falcone representative recorded a meeting with Manuel during which Manuel again told the Falcone representative that he needed to make a contribution to the Committee on Aging and to Manuel's CCE. Manuel and the Falcone representative discussed the intersection improvements in the upcoming vote by the St.

Defendant's Initials _____ 3

Johns County Commissioners on the purchase of Interstate 95 and County Road 210 intersection. Manuel told the Falcone representative, in substance, that he should make up whatever sales figure he wanted and then submit it to the County Commission and that Manuel didn't think it would jeopardize the deal.

On April 10, 2008, the Falcone representative recorded another meeting with Manuel during which Manuel told the Falcone representative that he would be locked out of future business if he didn't make the contributions as directed. During the meeting, Manuel accepted $10,000 in cash from the Falcone representative relative to Manuel's continued support of the upcoming St. Johns County Commission vote on the purchase of the property from the Falcone Group. The Falcone representative told Manuel that there would be $50,000 more to come. Manuel discussed the possibility of structuring further payments from the Falcone representative.

On April 29, 2008, the St. Johns County Commission voted unanimously to approve the purchase of the property from the Falcone Group for the targeted price that the Falcone representative had previously discussed with Manuel. Manuel was at the commission meeting and spoke positively regarding the project.

On May 2, 2008, the Falcone representative recorded another meeting with Manuel during which Manuel talked more about his CCE and asked, in substance, if The Falcone Group was happy about the vote and the purchase price for the property.

On June 5, 2008, the Falcone representative recorded another meeting with Manuel. The meeting took place at a restaurant in Jacksonville Beach. During the meeting, Manuel accepted $50,000 in cash from the Falcone representative as further reward for the successful sale of the property and intending to be influenced in future

Defendant's Initials _____                4

business the Falcone Group would bring before the St. Johns County Commission.

Upon leaving the restaurant, Manuel was detained by Special Agents of the FBI and the

envelope containing the $50,000 was recovered. Manuel was advised of his rights and

agreed to speak with FBI agents. Manuel advised that he accepted cash from the

Falcone representative for his support of various developmental projects, namely the

Twin Creeks restructuring and that he knew what he was doing was wrong and illegal.

Manuel also returned to the FBI all but $3,400 of the $10,000 payment that he accepted

on April 10, 2008

Defendant's Initials _____                5